### DICKERSON v. ARMSTRONG.

(Circuit Court, S. D. New York. May 24, 1899.)

PATENTS—VIOLATION OF INJUNCTION AGAINST INFRINGEMENT—EFFECT OF ERROR AS TO DEFENDANT'S NAME.

Defendant, whose true name was James, made sales of an article in infringement of a patent thereon. A suit for infringement was commenced by the owner of the patent against "Frank Armstrong, alias James"; and an order issued therein restraining "the said defendant, Frank Armstrong," from making further sales, which order was served on the defendant. *Held* that, defendant being in fact the person guilty of the infringement complained of, he was bound by the order, and subsequent sales of the article by him subjected him to punishment for contempt.

On Motion to Punish for Contempt in Disobeying Injunction.

Anthony Greff, for the motion.
Joel Marks, opposed.

LACOMBE, Circuit Judge. A statement of the facts which are conceded, either by express admission of the individual attached, or by his failure to controvert the moving affidavits, will relieve this case of all difficulty. In the month of March, 1898, and prior thereto, William T. James, the person now under attachment, resided at No. 97 Perry street, in this city, and there occasionally sold phenacetine, in infringement of the patent, "as an accommodation," to one Frank J. Armstrong, who made his headquarters there. On March 3, 1898, one Klappenburg came to 97 Perry street, and there met said James, whom, in the course of conversation, he referred to as Armstrong.

James thereupon informed him that his name was ——— James, and that he came from Wales, Great Britain. He there and then sold to Klappenburg 10 boxes of infringing phenacetine, showed him about 250 packages of phenacetine, offered to sell him 100 boxes at $25, and told him that he had about $500 worth of goods on hand. On April 1, 1898, a deputy marshal called at 97 Perry street, and asked James, who opened the door, for Mr. Armstrong. Upon being informed that Armstrong was not in, the marshal asked his name, and, upon his replying "James," handed him an order to show cause, with a restraining order, in this cause. The order is entitled, "Edward N. Dickerson v. Frank Armstrong, alias James;" and the order restrained "the said defendant, Frank Armstrong" (i. e. Frank Armstrong, alias James), from continuing the sale of the infringing article. The order was accompanied with affidavits which showed that the Frank Armstrong named as defendant was the individual who had sold the 10 boxes of phenacetine to Klappenburg, and had offered to sell the latter a much larger quantity, and who on that occasion represented himself to be "——— James." Inasmuch as it was James' act which was complained of, and the sale of the goods which he exhibited that was sought to be enjoined, and the papers served on him enjoined the individual offender, whether his true name was Armstrong or James, it seems clear that the recent sale by James of a further lot of the infringing article was in disobedience of the order. In punishment of his contempt he may stand committed for 15 days (the time of confinement under attachment to be credited), and until he shall pay a fine of $250.